IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                                     Case No. 4:15cv76-MW/CAS

**STATE OF FLORIDA,**
**STATE ATTORNEY,**

    **Defendants.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has recently filed fifteen cases in this Court.[1] In this case Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, a motion requesting leave to proceed in forma pauperis, doc. 4, and a motion requesting the appointment of counsel, doc. 5.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; and 4:15cv105.

shown and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed. The complaint is not on court forms as is required by the local rules of this Court. N.D. Fla. Loc. R. 5.1(H). In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G). That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof." *Id.* As explained below, this case involves issues of fact which are in common with case 4:14cv332-RH/CAS and a notice should have been filed.

The complaint also does not comply with Federal Rule of Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's complaint consists of three paragraphs, which are not limited to a single set of circumstances.

The complaint does not consistently list the Defendants or clearly state factual allegations against the named Defendants. Doc. 1 at 1. Plaintiff lists the State of Florida and the State Attorney as the Defendants in this case. *Id.* However, Plaintiff presents no factual allegations against the State of Florida or the State Attorney. Instead, Plaintiff's allegations are against a number of other persons. Specifically,

Plaintiff's complaint provides factual allegations against Sergeant T. Bryant, Jack McLean, Officer Centeno, Ms. Clemey, and Ann Sherman. Those persons were named as Defendants in the original complaint Plaintiff filed in case number 4:14cv332. *See* doc. 1 of that case. Plaintiff has already been advised in that case that his claims were insufficient. They remain so in this case.

More importantly, the law is clear that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980). Such actions include "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431, 96 S. Ct. at 995. Thus, Plaintiff's claim against the State Attorney fails to state a claim because prosecutors are immune from suit under § 1983.

The law is also clear that suits against the State of Florida is not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and departments of the state are not "persons" as intended by § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989). Furthermore, the State of Florida is immune from suit in this court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Plaintiff's complaint should be dismissed because it fails to state a claim upon which relief may be granted.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2015.


　S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**